UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Curtis Dale Richardson, | ) C/A No. 4:12-948-RBH-TER |
|---|---|
| *formerly # 269166*, | ) |
| *aka Curtis D. Richardson,* | ) |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Cecilia R. Reynolds, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Petitioner is a state prisoner seeking to challenge a five-year concurrent marijuana-possession sentence that was entered on September 16, 2011 by the Horry County General Sessions Court along with a three-year firearm possession conviction. Both convictions and sentences were entered on a guilty plea. Petitioner's direct appeal is currently pending before the S.C. Court of Appeals.

In the Petition filed in this case, Petitioner is trying to get bail on appeal, and he asserts that he has been through the entire state remedy process asserting that his five-year sentence is illegal.

(ECF No. 1, Pet. 6-7). He alleges "absence of available state corrective process" because all state courts have refused to consider the merits of his arguments because they deferred to the pending direct appeal before getting involved in anything regarding his Horry County convictions. *Id.* at 8. He asks this court to order that he be given bail while his appeal is pending and that we vacate his five-year sentence. *Id.* at 14.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

The Petition filed in this case should be summarily dismissed without prejudice because it was filed prematurely, while Petitioner's direct appeal from the contested convictions and sentences was still pending in the South Carolina state appellate courts. There is considerable case law indicating that collateral attacks should be dismissed without prejudice if the direct appeal is still pending. *See Kapral v. United States*, 166 F.3d 565, 579 (3d Cir. 1999); *Lamar v. Zavaras*, 430 F. App'x 718, 720-21 (10th Cir.), *cert. denied*, 132 S.Ct. 765 (2011); *Slater v. Chatman*, 147 F. App'x 959, 960 (11th Cir. 2005); *United States v. Bankole*, No. 00-6638, 2000 WL 1719552, at * 1 (4th Cir. Nov. 17, 2000). This court should not permit Petitioner to short-circuit the state corrective process through attempts to present his various claims out of order in the process. In seeking review of this convictions and sentences, Petitioner must follow the steps for judicial review established by the state legislature and by Congress in the manner in those steps were intended to be followed. There is nothing so exceptional about his case that he should be permitted to bypass the state process that is apparently working, just not as quickly as Petitioner would like.

3

Moreover, even if the court were to consider Petitioner's filing something other than a § 2254 petition (such as a motion for TRO or Motion for Release pending Appeal as he writes on the face of the pleading), the court would still be unable to consider the pleading on the merits or award the relief Petitioner seeks at this time. This court should await the outcome of Petitioner's state court criminal appellate process, during which Petitioner should raise any and all federal and state constitutional challenges to his convictions and sentences, before taking any action with regard to Plaintiff's present claim of illegal sentence. *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 (1873); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Additionally, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state

court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

As indicated in the cases cited above, Petitioner is not foreclosed from raising what appears to be primarily an unconstitutional-denial-of-bail objection and an illegal sentence argument and having them ruled on in his on-going state criminal prosecution by the state appellate courts. This court cannot remove the authority to rule on such an objection or argument from the judges who are, at the point, actually in control on Petitioner's state criminal case. Also, to grant the injunctive relief Plaintiff seeks: vacation of his five-year sentence, this court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 8, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).