IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Dale Richardson, | ) | Civil Action No.: 4:12-cv-00948-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecilia R. Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Curtis Dale Richardson, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends dismissing Petitioner's petition *without prejudice*.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2011, Petitioner pleaded guilty in Horry County, South Carolina, to possession of a firearm and possession with intent to distribute marijuana. A South Carolina circuit court judge sentenced him to concurrent sentences of three years' imprisonment for the firearm conviction and five years' imprisonment for the drug conviction. Petitioner moved the circuit court for reconsideration of his sentence, as well as to be released on bond pending his appeal. The circuit court denied both motions, and Petitioner filed a direct appeal to the South Carolina Court of Appeals.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

In November 2011, Petitioner filed an application for post-conviction relief ("PCR") in South Carolina state court. His application, however, was dismissed *without prejudice* because of his pending direct appeal to the court of appeals. Furthermore, Petitioner, while his direct appeal was pending, filed a petition for writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court. In February 2012, the supreme court, however, declined to hear his petition, citing the pending direct appeal before the court of appeals. Around the same time, the State of South Carolina moved the court of appeals to dismiss Petitioner's direct appeal "because [Petitioner] fail[ed] to show an appealable issue was presented at the guilty plea" and because an order denying bond "is not appealable."[2]

This § 2254 petition was filed in April 2012. Petitioner alleges he was given an illegal sentence and that he is being detained illegally.[3] Regarding the exhaustion of his state remedies, Petitioner alleges his claims have been presented to a PCR court, as well as to the supreme court in his petition for writ of habeas corpus. He also claims an absence of a state corrective process sufficiently effective to protect his constitutional rights under the circumstances. Petitioner accuses the State of South Carolina of intentionally delaying his case with frivolous motions, and he notes he should currently be on parole. The relief Petitioner seeks is that his drug sentence be vacated and moves to be released on bond pending a determination on the merits. Pet., ECF No. 1.

The Magistrate Judge issued an R&R on May 8, 2012, R&R, ECF No. 11, and Petitioner filed timely objections to the R&R on May 25, 2012, Pet'r's Objs., ECF No 13.

---

[2] Petitioner does not include evidence of the court of appeals' ruling on the motion in his petition.
[3] Petitioner also claims (1) the state solicitor knowingly and deliberately gave false information to the circuit court, (2) the circuit court lacked jurisdiction to sentence him, (3) his plea was made knowingly and voluntarily, (4) the firearm was fruit of an illegal traffic stop, (5) his attorney told him he would only receive a three-year sentence, and (6) his attorney was ineffective.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice* based on Petitioner's failure to exhaust his state post-conviction remedies prior to filing his § 2254 petition and based on the requirement that the Court abstain from interfering with state criminal proceedings except in extraordinary circumstances. Petitioner raises three objections to the recommendation. First, he points out that the Magistrate Judge was mistaken in concluding that his

3

direct appeal was still pending.[4]  Second, Petitioner adds that he had properly exhausted his post-conviction remedies and his challenge to the denial of his motion for bond after petitioning the supreme court for a writ of habeas corpus.  Finally, he emphasizes that his incarceration is in violation of the United States Constitution and that a quick resolution is necessary because he fears his term of imprisonment will end before he can obtain habeas relief. Pet'r's Objs. 1-4.

Petitioner's objections, however, are insufficient to show error in the Magistrate Judge's recommendation.  Section 2254 imposes strict requirements that must be met prior to filing a petition for a writ of habeas corpus in federal court.  Specifically, the Court cannot grant a petition unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1).  In other words, if Petitioner has not exhausted South Carolina's procedures existing under law, he must allege circumstances that render the state's procedures ineffective. *Id.*

Here, Petitioner asserts that he has complied with § 2254(b)(1).  But all of his collateral actions, according to documents attached to his petition, were dismissed as premature due to the pendency of his direct appeal. *See Al-Shabazz v. State*, 527 S.E.2d 742, 747 (S.C. 2000) ("The applicant may not bring a PCR action while a direct appeal is pending.").  Petitioner's claim in his petition that there is an absence of an effective state corrective process is merely conclusory, and he provides no facts or circumstances to support his conclusion that the process is indeed ineffective. *See* § 2254(b)(1).  As the Magistrate Judge observes, Petitioner appears to attempt to "short-circuit the state corrective process." R&R 3.  Because there is no adequate allegation that Petitioner has yet

---

[4] Not until his objections does Petitioner note that his direct appeal with the South Carolina Court of Appeals was voluntarily dismissed in order to allow his post-conviction proceedings to go forward. Pet'r's Objs. 1.

4

properly exhausted his state PCR remedies, the Court is without the authority to grant the habeas relief he seeks[5] and must dismiss his petition.[6] R. Governing § 2254 Cases in the U.S. Dist. Cts. 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Therefore, the Court finds no error in the Magistrate Judge's recommendation.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

---

[5] This includes Petitioner's request for release on bond during the pendency of his appeal, which is rendered moot.

[6] In his objections, Petitioner indicates that he "dropped" his direct appeal that was before the court of appeals in April 2012. If that is indeed the case, Petitioner must now exhaust his state PCR proceedings before filing a § 2254 petition with this Court.

**IT IS THEREFORE ORDERED** that the § 2254 petition is **DISMISSED** *without prejudice*. All pending motions are deemed moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

November 27, 2012
Florence, South Carolina