IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Dale Richardson, | ) | Civil Action No.: 4:12-cv-00948-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecilia R. Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's "Motion for Reconsideration of Order Pursuant to Rule 59(e)" filed on December 12, 2012. ECF No. 23. The motion regards the Court's November 27, 2012 order adopting the Magistrate Judge's recommendation to dismiss Petitioner's habeas petition without requiring a response. ECF No. 20. Petitioner contends that his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should have been construed as an action pursuant to 42 U.S.C. § 1983 because he filed a motion seeking damages and injunctive relief against the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS").

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash

issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

The argument Petitioner now makes was never raised in his § 2254 petition or in his objections to the Magistrate Judge's Report and Recommendation. While the Court is required to liberally construe the pleadings of *pro se* litigants, Petitioner's argument assumes the existence of a duty of this Court to add parties that were never joined (here, the SCDPPPS). Moreover, construing a § 2254 claim as a § 1983 claim would demand that the Court read too much into Petitioner's petition in order to conjure up frivolous claims. *Cf. Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Even in the case of *pro se* litigants, [courts] cannot be expected to construct full blown claims from sentence fragments."). Therefore, Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 26, 2013